NO. 91-116

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

HAZEL FOOTTIT DUFOUR,

     Plaintiff and Appellant,

  -vs-

ALVIN WOLF and HELEN WOLF,

     Defendants and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Maurice R. Colberg, Jr., Judge
presiding.

COUNSEL OF RECORD:

     For Appellant:

         Arthur W. Ayers; Ayers Law Office, Red Lodge,
Montana.

     For Respondent:

         Guy W. Rogers: Anderson, Brown, Gerbase, Cebull,
Fulton, Harmon & Ross, Billings, Montana.

Submitted on briefs: July 2, 1991

Decided: August 27, 1991

Filed:

FILED

AUG 27 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff appeals from an order of the District Court for the Thirteenth Judicial District, Carbon County, granting defendants' motion for a directed verdict and award of attorney fees. We affirm.

The issues before us are:

1. Did the District Court err in granting defendants' motion for a directed verdict on the issue of breach of the "option to purchase" the mobile home?

2. Was the award of attorney fees proper?

Plaintiff leased a portion of her land to defendants for a mobile home site. The lease included the following "option to purchase" provision.

> It is understood and agreed that in the event Tenants determine to terminate this lease and sell the mobile home unit presently located upon the property, Landlord shall have a ten (10) day option to purchase said mobile home unit by matching a bona fide offer. It is understood and agreed that Tenants shall give Landlord a ten (10) day written notice, delivered to her personally or to her attorney, of said option. It is further understood that said notice shall be an actual notice.

In August 1987, after removing the mobile home from it's foundation while in the process of moving it to their own property, defendants sold the mobile home to the movers for $9,000.

On March 19, 1989, the present lawsuit was filed by plaintiff against defendants alleging among other things, that defendants breached the "option to purchase" provision of the lease agreement. A jury trial was held. At the close of evidence, the District

2

Court granted defendants' motion for a directed verdict on the allegation of breach of the "option to purchase" the mobile home. The jury returned a verdict for defendants on the remaining issues of the lawsuit. After a hearing on August 27, 1990, the court granted defendants' request for attorney fees in the amount of $7,141.25.

On appeal, plaintiff maintains that the court erred in granting a directed verdict and that the attorney fees were improper.

The well established rule regarding the granting of directed verdicts has recently been stated in Chapel v. Allison (1990), 241 Mont. 83, 86, 785 P.2d 204, 206:

> A motion for directed verdict is properly granted only in the complete absence of any evidence to warrant submission to the jury, and all inferences of fact must be considered in the light most favorable to the opposing party. [I]f the evidence viewed in a light most favorable to plaintiff indicates reasonable men might differ as to the conclusions drawn from the evidence, a directed verdict is not proper. (Citations omitted).

After a complete review of the record, we conclude that the record is void of any evidence to warrant submitting the issue regarding the option to purchase to the jury.

The District Court entered judgment awarding defendants $7,141.25 in attorney fees. Defendants presented the District Court with an affidavit which set forth the amount of time and attorney fees spent on the lawsuit and an evidentiary hearing was held. Plaintiff presented no evidence challenging the amount or nature of the attorney fees.

The record portrays this case as an unfortunate and bitter

dispute among relatives.  We hold that the District Court correctly granted defendants' motion for a directed verdict on the issue of breach of the option to purchase the mobile home and that the attorney fees were proper.  The District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4



**State of Montana**
**Office of Clerk of the Supreme Court**
**Helena 59620**
**406-444-3858**

ED SMITH
CLERK

August 27, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Arthur W. Ayers
Ayers Law Office
P.O. Box 67
Red Lodge, MT 59068

Guy W. Rogers
Anderson, Brown, Gerbase, Cebull, Fulton, Harman & Ross
P.O. Box 849
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy